UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| HADRON INDUSTRIES, INC., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Case Number 1:19-cv-00035-LO-MSN |
| TRIANGLE EXPERIENCE | : | |
| GROUP, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PROPOSED JOINT DISCOVERY PLAN**

Pursuant to the Court's July 24, 2019 Order, counsel for the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, and jointly submit this Proposed Joint Discovery Plan:

1. **Meeting of the Parties**

Counsel for the parties met by telephone conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rules") on August 19, 2019.  Nicholas Allen, counsel for Plaintiffs Hadron Industries, Inc. and Klee Dienes ("Plaintiffs"), Stephen D. Caruso, counsel for Defendants Triangle Experience Group, Inc., Sean McCluskey and Robert Clare (the "TEG Defendants"), and Les Machado, counsel for Defendant Alqimi Analytics & Intelligence, LLC ("Alqimi") (the "TEG Defendants" and "Alqimi" shall be referred to collectively as "Defendants") participated in the meeting. The parties have agreed to the contents of the following Joint Discovery Plan.

2. **Settlement Discussions**

The parties have not had yet engaged in meaningful settlement discussions.

3. **Initial Disclosures**

The parties agree to exchange information and, if appropriate, documents required by Rule 26(a) on or before **September 11, 2019**.

4. **Discovery Plan**

a) Discovery will be necessary on all allegations and claims in the Amended Complaint and all allegations and affirmative defenses in the Answer to the Amended Complaint.

b) The parties agree that any Scheduling and Pre-Trial Order entered by the Court shall govern all discovery issues, including expert disclosures and dispositive motions, unless otherwise agreed to in this Joint Discovery Plan.

c) Discovery shall not be conducted in phases or be limited to or focused on any particular issues.

d) A party shall not serve on any other party more than thirty (30) interrogatories, including parts and subparts without leave of Court.

e) A party may not exceed five (5) non-party, non-expert witness depositions without leave of Court. The seven hour limit on the duration of each deposition as set forth in Rule 30(b)(1) shall apply unless authorized by the Court or stipulated to by the parties.

f) Plaintiffs shall serve their expert disclosures required by Rule 26(a)(2), if any, regarding the Amended Complaint by no later than **October 11, 2019**. Defendants shall serve their Rule 26(a)(2) expert disclosures, if any, by no later than **November 11, 2019**. Any expert rebuttal reports shall be served by no later than **November 26, 2019**.

g) The parties expressly reserve their rights to conduct additional discovery through the use of subpoenas pursuant to Rule 45.

h) Discovery must be completed by **December 13, 2019.**

  i)  The parties shall file disclosures required under Rule 26(a)(3) on or before **December 20, 2019 at 10:00 AM**. Objections to the Rule 26(a)(3) disclosures must be filed on or before **December 27, 2019.**

  j)  The Final Pretrial Conference will be held on **December 20, 2019 at 1:30 PM**.

**5. Electronically Stored Information**

The parties have conferred and agreed that electronically stored information ("ESI") will be produced. The parties have conferred and are currently in the process of drafting mutually agreeable protocols to govern ESI discovery. The parties shall confer to attempt to resolve any issues that may arise regarding the production of documents and ESI, including issues relating to what metadata shall be produced within responsive discovery materials. The party seeking production may petition the Court for an order compelling production under the applicable Federal Rules of Civil Procedure and in accordance with this Court's Local Rules only in the event that an agreement cannot be reached regarding the foregoing issues after good-faith efforts to resolve any dispute.

**6. Protective Order**

The parties have conferred and agree that discovery will implicate confidential and proprietary information. Therefore, the parties are currently in the process of drafting a mutually agreeable two-tiered protective order to govern discovery concerning any such information or materials. The parties will submit a Proposed or Stipulated Protective Order for the Court's consideration. The parties will seek Court intervention only if they are unable to reasonably agree on the contents of such Protective Order, or only if Court intervention is necessary to adjudicate or determine issues raised in the agreed upon Protective Order.

### 7. Privilege Log

The parties agree that, to the extent necessary, they will produce privilege logs as soon as reasonably practicable in connection with their production of documents, but in no event later than thirty (30) days following production of documents. The privilege log shall apply to documents and communications up to the date of the filing of the Complaint on April 27, 2018.

### 8. Consent to a Magistrate Judge

The parties do not consent to the trial being conducted by a Magistrate Judge at this time.

### 9. Inadvertent Disclosure of Privileged Information

Consistent with Rule 26(b)(5)(B), the parties agree that the inadvertent production of privileged or protected information will not waive the privilege or protection, and that a party receiving such inadvertently produced privileged or protected information, upon notification by the producing party, must immediately return the information without reviewing, copying or otherwise using the information.

Dated: August 21, 2019

Respectfully submitted,

*/s/ Stephen D. Caruso*
Richard D. Kelley, Esq., VSB No. 44228
Raighne C. Delaney, Esq., VSB No. 38787
Stephen D. Caruso, Esq., VSB No. 87376
Bean, Kinney & Korman, P.C.
2311 Wilson Boulevard, 5th Floor
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (Fax)
rkelley@beankinney.com
rdelaney@beankinney.com
scaruso@beankinney.com
*Counsel for Triangle Experience Group, Inc., Sean McCluskey, and Robert E. Clare, Jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that on the 21st day of August, 2019, I electronically filed the foregoing Proposed Joint Discovery Plan with the Clerk of the Court using the CM/ECF system which will electronically serve all counsel of record who have entered an appearance in this case.

/s/ *Stephen D. Caruso*
Stephen D. Caruso